UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH LAMONT PRICE, | No. 2:25-cv-2055 CSK P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| M. SORIANO-FIGUEROA, et al., | |
| Defendants. | |

      Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

Plaintiff is granted an opportunity to elect to proceed on the following claims: 1) Eighth Amendment excessive force claim against defendant Ochoa; 2) Eighth Amendment claim against defendant Soriano-Figueroa for allegedly failing to intercede and/or enabling alleged excessive force; and 3) Eighth Amendment claim against defendant Soriano-Figueroa based on allegedly threatening comments.  Plaintiff may elect to amend his complaint as discussed below.

## I. SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

## II. PLAINTIFF'S COMPLAINT

Named as defendants are M. Soriano-Figueroa, J. Estupinan, A. Andrade and E. Ochoa.  (ECF No. 1 at 2.)  The alleged deprivations occurred at Mule Creek State Prison ("MCSP").  (Id. at 1.)  Plaintiff alleges that on February 2, 2025 "after the insurgence that I was not able to harm anyone," defendant Ochoa hit plaintiff with his state issued baton as plaintiff went into the prone position.  (Id. at 3.)  After plaintiff got into the prone position and was not resisting, defendant Soriano-Figueroa ordered the responding officers to circle plaintiff in order to block the camera.  (Id.)  Officers began kicking and punching plaintiff.  (Id.)  Defendant Soriano-Figueroa stated, "If it was not for the cameras, we would kill your motherfucking ass like we did the last motherfucker."  (Id.)  Defendant Soriano-Figueroa then yelled, "Stop resisting!"  (Id.)  Plaintiff claims that defendant Soriano-Figueroa told Officer Simpfender, "Next time someone tell you to move get out of the way…I had the 40 aimed at his head going to kill him."  (Id.)  After this, the battering stopped.  (Id.)  Plaintiff alleges that "they" began to cut and rip off plaintiff's clothes and boxers.  (Id.)  Plaintiff alleges that "they" cut plaintiff's religious medallion and hair.  (Id.)  Plaintiff alleges that "they" spread plaintiff's buttocks, took off the waist restraints, and pulled the cane so the cane scratched plaintiff's penis.  (Id.)  "They" cuffed plaintiff behind the back and calves, lifted plaintiff up and walked plaintiff across the dayroom.  (Id.)  When they got in front of the cage, defendant Estupinan threatened to "beat my black ass if I so much as moved."  (Id.)  Plaintiff felt humiliated and scared that "they" would kill plaintiff and get away with it.  (Id.)

1  Plaintiff did not move to cover himself.  (Id.)  "They" put a smock on plaintiff that smelled of

2  feces and took plaintiff to California State Prison-Sacramento ("CSP-Sac") with just a smock and

3  spit mask to hide the wounds to plaintiff's face.  (Id.)  As injuries, plaintiff alleges that he

4  suffered bleeding from his right ear, a swollen eye and a black eye, a swollen forehead and ear,

5  lacerations on his penis, scratches on his buttocks, plaintiff's penis will no longer stay hard, and

6  emotional and mental injuries.  (Id.)  As legal claims, plaintiff alleges violations of the Eighth

7  Amendment and the Fourth Amendment right to privacy, violation of the First Amendment right

8  to the free exercise of religion and sexual abuse by prison staff.  (Id.)

**III. DISCUSSION OF PLAINTIFF'S CLAIMS**

      **A. Claims Regarding Alleged Injury During Search**

Because plaintiff raises a Fourth Amendment claim, it appears that plaintiff claims that his penis was scratched with a cane during a strip search.  If this Court has misunderstood the factual basis of plaintiff's claim regarding the injury to plaintiff's penis, plaintiff shall clarify the factual basis of this claim in an amended complaint.

The Fourth Amendment protects against unreasonable searches, and that right is not lost to convicted inmates.  See Jordan v. Gardner, 986 F.2d 1521, 1524 (9th Cir. 1993).  However, incarcerated prisoners retain a limited right to bodily privacy.  See Michenfelder v. Sumner, 860 F.2d 328, 333 (9th Cir. 1988); see also Bull v. San Francisco, 595 F.3d 964, 974-75 (9th Cir. 2010) (en banc) (holding that the Fourth Amendment applies to the invasion of bodily privacy in prisons and jails).  The Ninth Circuit has found strip searches that are "excessive, vindictive, harassing, or unrelated to any legitimate penological interest" may be unconstitutional.  See Michenfelder, 860 F.2d at 332.

A claim that defendants scratched plaintiff's penis with a cane during a strip search states a potentially colorable Fourth Amendment claim.  However, plaintiff does not identify the defendant who allegedly scratched his penis during the strip search.  The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution .

. . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658, 691-92 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Plaintiff's Fourth Amendment claim is dismissed because no defendant is linked to this claim. If plaintiff files an amended complaint, plaintiff shall identify the defendant who allegedly injured his penis during the strip search.

Plaintiff may also be raising an Eighth Amendment claim based on the injury to his penis. "[A] prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of state law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." Bearchild v. Cobban, 947 F.3d 1130, 1144 (9th Cir. 2020). A claim that defendants scratched plaintiff's penis with a cane during a strip search states a potentially colorable Eighth Amendment claim. However, plaintiff does not identify the defendant who allegedly scratched his penis during the strip search. For this reason, this claim is dismissed. If

5

plaintiff files an amended complaint, plaintiff shall identify the defendant who allegedly scratched his penis.

### B. First Amendment Claim

Plaintiff appears to claim that the confiscation of his religious medallion violated his First Amendment right to free exercise of his religion. "Inmates ... retain protections afforded by the First Amendment, ... including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (citation omitted). To implicate the Free Exercise Clause, the prisoner's belief must be both "sincerely held" and "rooted in religious belief, not in 'purely secular' philosophical concerns." Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994) (quoting Callahan v. Woods, 658 F.2d 679, 683 (9th Cir. 1981)). If the inmate makes his initial showing of a sincerely held religious belief, he must then show that prison officials "substantially burdened" the practice of his religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. See Long v. Sugai, 91 F.4th 1331, 1337 (9th Cir. 2024); Jones v. Williams, 791 F.3d 1023, 1031 (9th Cir. 2015). "A substantial burden ... places more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." Jones, 791 F.3d at 1031-32 (citation omitted). Even then, a substantial burden on an inmate's religion is permitted if it "is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987).

For the following reasons, this Court finds that plaintiff fails to state a potentially colorable First Amendment claim based on the alleged confiscation of his religious medallion. First, plaintiff does not identify his religion. Without this information, this Court cannot determine whether plaintiff has a sincerely held religious belief. See Malik, 16 F.3d at 333. Second, plaintiff fails to allege how the exercise of his religion was substantially burdened by the alleged confiscation of his religious medallion. See Long, 91 F.4th at 1337. Finally, plaintiff fails to identify the defendants who allegedly confiscated his religious medallion. See Monell, 436 U.S. at 691-92. For these reasons, plaintiff's First Amendment claim is dismissed.

**C. Eighth Amendment Claims Based on Alleged Excessive Force Incident**

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillan, 503 U.S. 1, 7 (1992). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency in violation of the Eighth Amendment. See Whitley v. Albers, 475 U.S. 312, 327 (1986). To prove a claim that prison officials used unconstitutionally excessive force, a plaintiff must show the prison official's actions, taken in context, were "objectively harmful enough" to offend "contemporary standards of decency" and that the official acted with "a sufficiently culpable state of mind[.]" Hudson, 503 U.S. at 8.

Plaintiff alleges that defendant Ochoa struck plaintiff with a baton as plaintiff was going into a prone position after the "insurgence" during which plaintiff harmed no one. This Court finds that plaintiff states a potentially colorable Eighth Amendment excessive force claim against defendant Ochoa.

Plaintiff alleges that plaintiff was assaulted after defendant Soriano-Figueroa ordered responding officers to form a circle to block the camera. These allegations state a potentially colorable Eighth Amendment claim against defendant Soriano-Figueroa. See Hughes v. Rodriguez, 31 F.4th 1211, 1223 (9th Cir. 2003) (internal citations omitted) ("Officers can be liable for failing to intercede in situations where excessive force is claimed to be employed by other officers only if 'they had an opportunity to intercede'...Furthermore, officers can be liable for excessive force on a theory of integral participation only if they participate 'in some meaningful way' in the specific actions that constituted the violation.").

Plaintiff does not identify which defendants participated in the alleged assault of plaintiff after defendant Soriano-Figueroa ordered the responding officers to form a circle to block the cameras. For this reason, this Court finds that plaintiff fails to state a potentially colorable Eighth Amendment excessive force claim against any defendant based on the alleged assault. See Monell, 436 U.S. at 691-92. If plaintiff files an amended complaint, plaintiff shall identify the

defendants who allegedly assaulted him.

Plaintiff also may be raising Eighth Amendment claims based on the comments made by defendants Soriano-Figueroa and Estupinan. Plaintiff alleges that defendants Soriano-Figueroa stated, "If it was not for the cameras, we would kill your motherfucking ass like we did the last motherfucker." Plaintiff also claims that defendant Soriano-Figueroa told Officer Simpfender, in plaintiff's presence, "Next time someone tell you to move get out of the way…I had a 40 at his head going to kill him." Plaintiff also alleges that when they got in front of the cage, defendant Estupinan threatened to "beat my black ass if I so much as moved."

The Ninth Circuit has found that "disrespectful and assaultive comments" do not violate the Eighth Amendment. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (threats of bodily harm by prison guard insufficient). However, verbal harassment may violate the constitution when it is "unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage." Cox v. Kernan, 2019 WL 6840136, at *5 (E.D. Cal. Dec. 16, 2019) (alterations in original) (quoting Keenan, 83 F.3d 1083 at 1092). Notably, "[a] threat of deadly force made merely to inflict gratuitous fear and punishment when the party has both the opportunity to carry out the threat and evidences the intent to do so does state a cognizable claim under the Eighth Amendment." Monroe v. Mortell, 2022 WL 624996, at *7 (E.D. Cal. Mar. 3, 2022), report and recommendation adopted, 2022 WL 1004715 (E.D. Cal. Apr. 4, 2022).

Based on the legal standards set forth above, this Court finds that defendant Estupinan's alleged threat to beat plaintiff if plaintiff moved does not rise to an Eighth Amendment violation.

For the following reasons, this Court finds that defendant Soriano-Figueroa's alleged comments state a potentially colorable Eighth Amendment claim. In his alleged comments, defendant Soriano-Figueroa indicated an intent to kill plaintiff but the cameras and Officer Simpfender prevented him from doing so. Plaintiff alleges that defendant Soriano-Figueroa ordered the officers to form a circle to block the cameras. Plaintiff alleges that he was scared that he would be killed and "they" would get away with it. Based on these circumstances, plaintiff states a potentially colorable Eighth Amendment claim against defendant Soriano-Figueroa based

on defendant Soriano-Figuero's comments.

### D. Defendant Andrade

The complaint contains no specific allegations against defendant Andrade. For this reason, the claims against defendant Andrade are dismissed. See Monell, 436 U.S. at 691-92. If plaintiff files an amended complaint naming defendant Andrade, plaintiff shall describe the conduct of defendant Andrade that allegedly violated plaintiff's constitutional rights.

## IV. PLAINTIFF'S OPTIONS

Plaintiff may proceed forthwith to serve defendants Ochoa and Soriano-Figueroa, and pursue his potentially cognizable Eighth Amendment claims against only those defendants, or he may delay serving any defendant and attempt to cure the pleading defects as to the claims found not cognizable above. If plaintiff elects to proceed forthwith against defendants Ochoa and Soriano-Figueroa, against whom he stated potentially cognizable Eighth Amendment claims for relief, then within thirty days plaintiff must so elect on the attached form. In this event the Court will construe plaintiff's election as consent to dismissal of the remaining claims without prejudice. Under this option, plaintiff does not need to file an amended complaint.

Or plaintiff may delay serving any defendant and attempt again to cure the pleading defects as to those claims found not cognizable above. If plaintiff elects to attempt to amend his complaint, plaintiff has thirty days to amend. Plaintiff is not granted leave to add new claims or new defendants.

Any amended complaint must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While

9

detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations and are not entitled to the assumption of truth.  Id.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading is superseded.  Plaintiff is not granted leave to add new claims or new defendants.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. All claims but for the potentially colorable Eighth Amendment claims against defendants Soriano-Figueroa and Ochoa are dismissed with leave to amend.  Within thirty days of

service of this order, plaintiff may amend his complaint to attempt to cure the pleading defects as to those claims found not potentially colorable in this order. Plaintiff is not obligated to amend his complaint.

4. The allegations in the complaint are sufficient to state potentially cognizable Eighth Amendment claims against defendants Soriano-Figueora and Ochoa. See 28 U.S.C. § 1915A. If plaintiff chooses to proceed solely as to such claims, plaintiff shall so indicate on the attached form and return it to the Court within thirty days from the date of this order. In this event, the Court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the defective claims without prejudice.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: August 13, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Pric2055.14/2

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH LAMONT PRICE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. SORIANO-FIGUEROA, et al.,<br><br>　　　　Defendants. | No.  2:25-cv-2055 CSK P<br><br><br>NOTICE OF ELECTION |

　　　　Plaintiff elects to proceed as follows:

_____　　Plaintiff opts to proceed with the following claims: 1) Eighth Amendment excessive force claim against defendant Ochoa; 2) Eighth Amendment claim against defendant Soriano-Figueroa for allegedly failing to intercede and/or enabling alleged excessive force; and 3) Eighth Amendment claim against defendant Soriano-Figueroa based on allegedly threatening comments.  Under this option, plaintiff consents to dismissal of the remaining claims in the complaint without prejudice.

**OR**

_____　　Plaintiff opts to file an amended complaint and delay service of process.

DATED:

　　　　　　　　　_____
　　　　　　　　　　　　　　　　Plaintiff

1